# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUCHELL CINQUE MAGEE, | ) | 1:05-cv-00725-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS (Doc. 1) |
| | ) | |
| | ) | ORDER OF SUMMARY REMAND |
| A.K. SCRIBNER, | ) | OF STATE COURT HABEAS CASES |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

On June 6, 2005, Petitioner, presently incarcerated at California State Prison, Corcoran, California, filed his petition for writ of habeas corpus in this Court. (Doc. 1). Petitioner's sole ground for habeas relief is a discourse directed at certain "corrupted prison officials," designated by Petitioner as "Bravos," whom Petitioner asserts have placed false documents in his prison file. (Doc. 1, p. 5). Allegedly, these false documents include representations that Petitioner has been convicted of offenses for which, Petitioner maintains he was acquitted. (Id.). Petitioner's claim contends that this false information has been used by prison officials to justify placing him in more restrictive confinement and also used to "interfer [sic] with pending litigation." (Id.). Petitioner does not challenge either his 1970 conviction or his sentence of seven years to life.

On June 6, 2005, Petitioner filed a "Petition for Removal" and a "Notification," seeking to utilize the removal process of 28 U.S.C. § 1443, to remove two state court habeas proceedings initiated by Petitioner to this Court. (Doc. 2).

## DISCUSSION

**A. Failure To State A Federal Habeas Claim.**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that prison officials have placed in Petitioner's prison file information falsely indicating that Petitioner has been convicted of offenses for which he was acquitted. Petitioner also alleges that prison officials have used such information in a variety of ways to affect the conditions of Petitioner's confinement. Petitioner is challenging the conditions of his confinement, not the fact or duration of his confinement. Nowhere in his petition does Petitioner raise any legal challenge to his original 1970 conviction and sentence. Thus, Petitioner is not entitled to habeas corpus relief, and the Court recommends that the petition be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights

complaint pursuant to 42 U.S.C. § 1983.[1]

### B. Petitioner's Removal Of State Habeas Cases.

Petitioner seeks to remove two state court habeas cases to the United States District Court for the Eastern District of California. Those cases are: (1) In re Ruchell Cinque Magee, case number 0176U (Superior Court, County of Kings); and (2) In re Ruchell Cinque Magee, no case number (California Supreme Court). Petitioner alleges that case number 0176U is a state habeas corpus action that he filed on October 29, 2004, but which has yet to be ruled upon by the Kings County Superior Court. (Doc. 2, p. 2). In that petition, Petitioner indicates that he alleges, as he does here, that state prison officials have falsified documents resulting in Petitioner's placement in more restrictive housing. (Id.).

Subsequent to March 2005, Petitioner filed the second habeas petition, this time in the California Supreme Court. (Id. at p. 3). In his Petition for Removal, Petitioner refers to both cases, but lists only the case number for the superior court case. Petitioner's Notification is directed only to the Kings County Superior Court and refers only to case number 0176U. There is no reference to the California Supreme Court case. Neither the Petition for Removal nor the Notification contain any attached court documents related to these two cases as required by 28 U.S.C. sec. 1446(a).[2]

---

[1] The Court also notes that, pursuant to an order issued by the Honorable Lawrence K. Karlton, dated July 19, 1988, Petitioner is prohibited from filing any further habeas corpus petitions or complaints in forma pauperis without first obtaining leave of court. In seeking leave of court, Petitioner "must certify that the claims presented are new claims never before raised and disposed of on the merits by any federal court, and must show that denial of leave to file would be prejudicial because the new claims could not be properly joined by amendment to any previously filed action." Here, Petitioner is apparently proceeding in forma pauperis, yet he has not sought leave of court to file this petition.

[2] The Court has reviewed the California Supreme Court's list of cases filed by Petitioner, and has found only one active case, case number S132511, a habeas corpus petition filed on March 25, 2005. Since this is the only one of Petitioner's cases that is still open in the California Supreme Court, and since the date corresponds to the chronology of filings listed in Petitioner's Petition of Removal, the Court will assume that this is the California Supreme Court case which Petitioner has attempted to remove to federal court. The Court also notes that, in reviewing the California Supreme Court's docket for case number S132511, the docket contains only a single entry, i.e., the filing of the petition itself. There is no reference to any petition for removal or any

3

1    Petitioner has improperly removed the state court cases. 28 U.S.C. § 1441(b) provides
2 that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim
3 or right arising under the Constitution, treaties, or laws of the United States shall be removable
4 without regard to the citizenship or residence of the parties." A notice of removal must be filed
5 "within 30 days after receipt *by the defendant*, through service or otherwise, of a copy of the
6 initial pleading...." Id. (Emphasis supplied). The notice must contain a "short and plain
7 statement" of the grounds for removal, as well as "a copy of all process, pleadings, and orders
8 served upon such defendant or defendants in such action." 28 U.S.C. § 1146(a).

9    The right to remove a case from state to federal court is vested exclusively in the
10 defendant or defendants. 28 U.S.C. § 1441(a). 28 U.S.C. §1443, relied upon by Petitioner, has a
11 similar requirement, providing in part that in certain "civil actions or criminal prosecutions," the
12 defendant may remove the action from state to federal court. That section applies only to
13 defendants, not, as here, to a petitioner. See Okot v. Callahan, 788 F.2d 631 (9th Cir. 1986)
14 (petitioner in state court habeas proceedings has no power to remove his own case).

15    Okot is dispositive. In that case, petitioner filed a state court habeas petition, asserting
16 that he had not made a knowing and voluntary waiver of his rights when he pled guilty to a state
17 arson charge. Okot, 788 F.2d at 632. Subsequently, he filed a petition for removal of his case to
18 federal court and, at the same time, filed a document that was construed by the federal district
19 court as a petition for writ of habeas corpus. Id. at 633. The district court then issued a denial of
20 removal. Id.

21    The Ninth Circuit held that the district court's rationale, i.e., that the removal was
22 unlawful, was "entirely proper." Id. As the Court noted, "Okot, as the petitioner in the state
23 court proceeding, had no power to remove his own case. Removal is available only to
24 defendants." Id., citing 28 U.S.C. §§ 1441(c), 1442, 1443, 1446(c).
25 ///

26 ─────────────────────

27 notification of removal. This, again, would be consistent with the fact that the only notification
of removal directed to any state court was the one filed in Kings County Superior Court case
28 number 0176U.

The Ninth Circuit went on, however, to explain that the proper remedy for an improper removal is not a "denial," as the district court had done in Okot, but a "remand" to the state court. Id. at 633. The Ninth Circuit noted that "[r]emoval is accomplished merely by the filing of the verified petition fulfilling the requirements of 28 U.S.C. § 1446...It is not necessary to secure an order from either the federal or state court to complete the removal." Id. (Citations omitted). Because a "denial" would be treated as a "dismissal," issuing a denial, rather than a remand, would have had the effect of divesting the state court of jurisdiction over the case once it was remanded back to that court. Id. at 633 fn. 1.

Here, Petitioner seeks, as did the petitioner in Okut, to remove his own state court habeas cases to federal court. Pursuant to 28 U.S.C. §§ 1441 and 1443, only a *defendant* is empowered to invoke the removal provisions, and then only under certain circumstances. Since Petitioner is not a defendant in either state action in which he sought removal, he cannot avail himself of the removal statute. Okot, 788 F.2d at 633.

28 U.S.C. § 1446(c)(4) provides as follows:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Accordingly, the Court will order the state habeas cases remanded to the courts of the State of California. 28 U.S.C. § 1446(c)(4); Okot, 788 F.2d at 633.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that Kings County Superior Court case number 0176U be summarily remanded to the Kings County Superior Court, and that California Supreme Court case number S132511 be remanded to the California Supreme Court.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and,

2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

5

1  This Report and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 21, 2005**            /s/ Theresa A. Goldner
j6eb3d                                            UNITED STATES MAGISTRATE JUDGE